IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, ET AL.,<br>Plaintiffs,<br>v.<br>UNITED STATES,<br>Defendant. | No. 01-254C<br>Judge Futey |
| RAPOCA ENERGY COMPANY, LLC,<br>F/K/A RAPOCA ENERGY COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | No. 01-442C<br>Judge Futey |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**
**IN FAVOR OF PLAINTIFF JIM WALTER RESOURCES, INC.**

John Y. Merrell, Jr.
*Attorney of Record*
MERRELL & MERRELL, P.C.
1477 Chain Bridge Road
Suite 101
P.O. Box 1111
McLean, VA 22101
Tel.: (703) 790-8440
Fax: (703) 790-8944

Counsel for Plaintiff
Rapoca Energy Company, LLC,
f/k/a Rapoca Energy Company

Steven H. Becker
*Attorney of Record*
Paul A. Horowitz
Suzanne I. Offerman
*Of Counsel*
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 626-4100
Fax: (212) 310-1600

Counsel for Plaintiffs
Consolidation Coal Company, et al.

There being no just reason for delay, pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims, Plaintiffs respectfully move this Court to enter judgment in favor of Plaintiff Jim Walter Resources, Inc. ("JWR"), in the amount of $5,223,133.78, representing reclamation fees paid by JWR on its direct sales to foreign purchasers ("direct sales") for the period first quarter 1995 through third quarter 2005 (see attached schedule).[1] The grounds in support of Plaintiffs' motion are set forth below.

**Background**

It has been almost two years since this Court heard oral argument on Plaintiffs' challenge to the constitutionality of the reclamation fee as applied to export sales of coal, and more than 21 months since the Court held that the reclamation fee imposed on exports violates the Export Clause of the U.S. Constitution. Since then, to ascertain the amount of damages with regard to five test plaintiffs,[2] the parties have conducted modified discovery procedures, in which auditors from the Department of Interior's Office of Surface Mining Reclamation and Enforcement ("OSM") have reviewed the books and records of the five test plaintiffs as well as other information provided by the test plaintiffs and subpoenaed from certain third parties.

The parties agree that OSM's auditors have verified the full amount of reclamation fees claimed by JWR in connection with its export sales for the period covered by the

[1] During this period, JWR also paid a total of $133,607.19 in reclamation fees in sales to U.S. brokers that resold the coal to foreign purchasers. Plaintiffs do not, at this time, request entry of judgment in JWR's favor with respect to these sales as the Government has indicated that it intends to raise a legal defense that JWR's sales to brokers did not occur when the coal was in the stream of export. The Government has indicated that it will not raise any legal defense regarding JWR's direct sales.

[2] The test plaintiffs for damages purposes are JWR, Consol of Pennsylvania Company, Eastern Associated Coal Company, Pioneer Fuel Corporation and Kingston Resources, Inc. Pioneer and Kingston are related companies.

auditors' review, and that no factual or legal issues remain with regard to JWR's direct sales. It has now been over five months since OSM issued its audit report for JWR, which was emailed to JWR on August 7, 2006. As noted, the Government has indicated that it intends to raise a legal defense that JWR's sales through brokers, which account for less than 3% of JWR's total reclamation fee payments for the ten-year period that was audited, did not occur when the coal was in the export stream. For the other four test plaintiffs, factual issues remain as to whether those plaintiffs have provided sufficient proof of export for certain direct sales and sales through brokers, and the Government has indicated that it intends to raise a legal defense that these plaintiffs' sales through brokers did not occur when the coal was in the export stream.[3]

Despite the fact that no factual or legal issues remain with regard to JWR's direct sales, the Government has consistently refused to consent to the entry of judgment in favor of JWR concerning its direct sales. Plaintiffs thus have been compelled to seek no less than three status conferences with the Court since last August, the most recent of which was held on January 10, 2007. As the Government still has withheld its consent to entry of judgment in JWR's favor regarding its direct sales, Plaintiffs' respectfully file this motion for entry of judgment. As demonstrated below, there is no just reason for delaying any further the entry of judgment in favor of JWR with regard to its direct sales.

---

[3] The Court has not set any deadline for the conclusion of discovery, and has encouraged the parties to resolve the factual disputes through continued informal proceedings. *See*, *e.g.*, Order filed September 13, 2006 ("The parties shall try to informally resolve their discovery disputes according to their past practices by Wednesday, December 13, 2006."). The parties were unable to resolve the factual disputes by that date, and one of the test plaintiffs, Pioneer, has recently submitted additional information to OSM. As Plaintiffs noted in the Status Report filed on December 19, 2006, Plaintiffs believe that additional discovery, including possible depositions of the OSM auditors, will be needed to resolve the factual issues involving the four test plaintiffs other than JWR.

## Argument

### I. The Equities Warrant the Immediate Entry of Judgment in JWR's Case.

The equities in this case merit the immediate entry of judgment in favor of JWR with respect to its direct sales. As this Court is aware, despite this Court's April 4, 2005, decision holding that the reclamation fee is unconstitutional as applied to export sales of coal, OSM has continued to require coal exporters to pay reclamation fees on their export sales. *See* OSM News Release dated April 26, 2005 (copy attached). Thus, coal exporters have continued to pay reclamation fees on their export sales of coal — without the possibility of interest. In view of the fact that OSM's News Release notified coal exporters to continue to pay reclamation fees on their export sales "pending conclusion of a federal lawsuit on the matter," all coal exporters are entitled to the earliest possible decision from the appellate court on the liability question. The immediate entry of judgment in JWR's favor concerning its direct sales will expedite both the Government's appeal and the Federal Circuit's decision on the constitutional issue. The Federal Circuit's decision will, of course, be subject to possible Supreme Court review, but that only further highlights the need to expedite the commencement of appellate proceedings on the constitutional issue.

The Government's appeal and the Federal Circuit's decision on the constitutional issue will be significantly delayed if the entry of judgment in JWR's case is deferred pending the determination of damages for the other four test plaintiffs. It will likely take many months before those damages are determined, as additional discovery, briefing, and an evidentiary hearing all will be required before this Court can begin deliberating on those damages issues. Conversely, should the constitutionality of the reclamation fee as applied to export sales be upheld in appellate proceedings, it would be unnecessary for the coal producers, the

Government, or the Court to devote further time and resources on damages issues after such appellate proceedings. This, too, strongly militates in favor of expediting the commencement of the Government's appeal on the constitutional issue, which will be accomplished if judgment is immediately entered in JWR's favor with regard to its direct sales.

In addition to unjustly delaying the coal industry's entitlement to prompt appellate resolution of the constitutional issue, holding JWR's judgment in abeyance would be an injustice to that company in particular. It has been over five months since OSM issued its audit report to JWR. A judgment in JWR's favor with regard to its direct sales, which represent over 97% of the reclamation fees that it paid on exports, should not be held up because factual and legal issues exist for the other test plaintiffs' sales (or because a legal issue exists for JWR's very limited sales through brokers).

## II. Judicial Efficiency Warrants the Immediate Entry of Judgment in JWR's Case.

The interest of judicial efficiency also warrants the immediate entry of judgment in favor of JWR with respect to its direct sales. As this Court is aware, aside from the two cases at bar, twenty-six other coal exporters have brought eight similar cases that are currently pending before six different judges in this Court.[4] All but one of the eight cases have been formally stayed pending a final resolution of the liability issue in this case. In the sole case that has not been formally stayed, Judge Allegra has directed the parties to file a joint status report every 60 days in order to update the court on the status of the present action. The immediate entry of judgment in JWR's favor for its direct sales will expedite the

---

[4] Three of those cases, involving eight different plaintiffs, are before this Court. The remaining five cases are before five other judges of the Court of Federal Claims. For the Court's convenience, we have attached a list of these eight cases, showing the judge to whom they have been assigned.

Government's appeal and an appellate decision on the constitutional issue, which, in turn, will expedite proceedings in the other cases in the Court of Federal Claims.

In the status reports and status conferences over the past several months, the Government has argued that the damages claims of all five test plaintiffs should be litigated to conclusion before judgment is entered for any of them, including JWR, because, according to the Government, that would allow a "more complete record" to be presented to the Federal Circuit and prevent that court from having to decide the constitutional issue "in a vacuum." *See*, *e.g.*, Joint Status Report dated December 19, 2006, at 9 ("Defendant's Position Regarding All Test Plaintiffs, Including JWR"). Plaintiffs submit that just as this Court was able to expeditiously and thoroughly decide the constitutional issue based on the record before it, so too will the Federal Circuit. The Government has also previously claimed that numerous, piecemeal appeals will be occasioned by the immediate entry of judgment in JWR's favor for its direct export sales, but that is unlikely. To the contrary, it is likely that all damages issues, including the Government's "stream of export" legal defense concerning JWR's relatively *de minimis* sales through brokers (which the Government will raise for the other test plaintiffs as well), can be resolved in a single appeal following this Court's decision on those issues.

**Conclusion**

As there is no just reason for delaying the judgment in favor of Jim Walter Resources, Inc., regarding its direct sales to foreign purchasers, and indeed, there are compelling reasons for the immediate entry of such judgment, this Court should grant Plaintiffs' motion and enter judgment in favor of Jim Walter Resources regarding its direct sales to foreign purchasers.

Respectfully submitted,

John Y. Merrell, Jr.
*Attorney of Record*
MERRELL & MERRELL, P.C.
1477 Chain Bridge Road
Suite 101
P.O. Box 1111
McLean, VA 22101
Tel.: (703) 790-8440
Fax: (703) 790-8944

Counsel for Plaintiff
Rapoca Energy Company, LLC,
f/k/a Rapoca Energy Company

Steven H. Becker
*Attorney of Record*
Paul A. Horowitz
Suzanne I. Offerman
*Of Counsel*
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 626-4100
Fax: (212) 310-1600

Counsel for Plaintiffs
Consolidation Coal Company, et al.

**Reclamation Fees Paid by Jim Walter Resoures, Inc.**
**on its Direct Sales to Foreign Customers for the Period 1Q/95 – 3Q/05**

| Quarter | Amount Paid | | Quarter | Amount Paid |
|---|---|---|---|---|
| 1Q/95 | 103,677.46 | | 4Q/01 | 83,220.55 |
| 2Q/95 | 160,252.55 | | 1Q/02 | 112,204.98 |
| 3Q/95 | 152,389.96 | | 2Q/02 | 108,320.33 |
| 4Q/95 | 142,160.05 | | 3Q/02 | 141,987.35 |
| 1Q/96 | 93,827.73 | | 4Q/02 | 85,975.14 |
| 2Q/96 | 114,641.66 | | 1Q/03 | 149,354.49 |
| 3Q/96 | 123,982.48 | | 2Q/03 | 133,149.70 |
| 4Q/96 | 95,608.65 | | 3Q/03 | 145,752.33 |
| 1Q/97 | 116,540.65 | | 4Q/03 | 113,385.20 |
| 2Q/97 | 139,872.92 | | 1Q/04 | 135,132.18 |
| 3Q/97 | 145,923.62 | | 2Q/04 | 163,841.56 |
| 4Q/97 | 97,255.11 | | 3Q/04 | 136,887.19 |
| 1Q/98 | 82,916.44 | | 4Q/04 | 148,281.83 |
| 2Q/98 | 96,728.62 | | 1Q/05 | 136,879.73 |
| 3Q/98 | 81,557.82 | | 2Q/05 | 189,167.73 |
| 4Q/98 | 119,378.00 | | 3Q/05 | 105,561.07 |
| 1Q/99 | 75,612.94 | | **Total** | **$ 5,223,133.78** |
| 2Q/99 | 36,446.82 | | | |
| 3Q/99 | 58,112.70 | | | |
| 4Q/99 | 96,784.07 | | | |
| 1Q/00 | 104,059.87 | | | |
| 2Q/00 | 122,139.63 | | | |
| 3Q/00 | 172,632.41 | | | |
| 4Q/00 | 181,904.79 | | | |
| 1Q/01 | 149,825.42 | | | |
| 2Q/01 | 154,191.74 | | | |

# Office of Surface Mining
# News Release

April 26, 2005
For immediate release

Mike Gauldin
(202) 208-2565
mgauldin@osmre.gov

**Coal Operators Directed to Continue Paying Export Fee Until Court Decision is Final**

(Washington, DC) - Coal operators are being notified that they should continue to report coal tonnage sold for export and pay the related coal reclamation fees pending conclusion of a federal lawsuit on the matter.

In an April 4, 2005, decision, the U.S. Court of Federal Claims ruled that the reclamation fee as applied to coal exports is unconstitutional. However, a final judgment has not been entered because significant issues in the case remain unresolved. The government is also assessing whether to appeal the court's ruling.

The US Office of Surface Mining (OSM) will continue to require payment of coal reclamation fees on coal sold for export until the case is fully and finally resolved. OSM will provider further advisories to coal operators as the case proceeds.

-OSM-

*This page was last updated: 08/11/2006 07:30:54*

**Similar Cases Currently Pending in the Court of Federal Claims Other than *Consolidation Coal, et al. v. US***

| Case | Judge | Date Stayed |
|---|---|---|
| *Alex Energy, Inc., et al. v. United States,* Fed. Cl. No. 05-00929 | Senior Judge Bohdan A. Futey | 12/19/05 |
| *Peabody Holding Co., et al. v. United States*, Fed. Cl. No. 05-01211 | Senior Judge Bohdan A. Futey | 01/05/06 |
| *Consol Energy, Inc. v. United States,* Fed Cl. No. 05-01284 | Senior Judge Bohdan A. Futey | 01/05/06 |
| *Clinchfield Coal, et al. v. United States*, Fed. Cl. No. 02-00069 | Judge Lynn J. Bush | 02/04/04 |
| *Alliance Coal, LLC v. United States,* Fed Cl. No. 02-00084 | Senior Judge John P. Wiese | 04/08/04 |
| *Red River Coal v United States,* Fed. Cl. No. 01-00441 | Judge George W. Miller | 04/05/04 |
| *Eaglehawk Carbon, et al. v. United States*, Fed. Cl. No. 00-00443 | Judge Mary Ellen Coster Williams | 04/01/04 |
| *Mingo Logan Coal Coal v. United States*, Fed. Cl. No. 00-00761 | Judge Francis M. Allegra | Not Stayed |

**Certificate of Electronic Filing**

I hereby certify that on January 24, 2007, a copy of the foregoing "Plaintiffs' Motion for Entry of Judgment in Favor of Plaintiff Jim Walter Resources, Inc." was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Suzanne I. Offerman