Nos. 01-254C; 01-442C
(Judge Futey)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CONSOLIDATION COAL CO., et al.,
Plaintiffs,
v.
THE UNITED STATES,
Defendant.

RAPOCA ENERGY CO., LLC
Plaintiff,
v.
UNITED STATES,
Defendant.

DEFENDANT'S OPPOSITION TO THE PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF JIM WALTER RESOURCES, INC.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Assistant Director

TODD M. HUGHES
Assistant Director

TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W., attn: 8th floor
Washington, DC 20530
Tele: (202) 616-2228

Attorneys for Defendant

OF COUNSEL:

DANIEL W. KILDUFF
Office of the Solicitor
Department of the Interior

February 7, 2007

**TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S OPPOSITION TO THE PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF JIM WALTER RESOURCES, INC. . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. The Plaintiffs Cannot Show That Resolution Of The Claims Of All Test Case Plaintiffs, Prior To Entry Of Judgment In Favor Of JWR, Will Result In Hardship And Delay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Pursuant To RCFC 54(b), It Is Inappropriate To Enter Judgment For JWR On Only A Portion Of Its Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

### CASES

Abrahamsen v. United States,
44 Fed. Cl. 260 (1999) . . . . . 4

Adams v. United States,
51 Fed. Cl. 57 (2001) . . . . . 8, 9

Alyeska Pipeline Serv. Co. v. United States,
688 F.3d 765 (Fed. Cir. 1982)) . . . . . 9

Ammex, Inc. v. United States,
334 F.3d 1052 (Fed. Cir. 2003) . . . . . 9

Backus Plywood Corp. v. Commercial Decal, Inc.,
317 F.2d 339 (2d Cir. 1963) . . . . . 7

Brunswick Corp. v. Sheridan,
582 F.2d 175 (2d Cir. 1978) . . . . . 3

Co-Steel Raritan, Inc. v. Int'l Trade Comm'n,
357 F.3d 1294 (Fed. Cir. 2004) . . . . . 7

Curtiss-Wright Corp. v. Gen. Elec. Co.,
446 U.S. 1 (1980) . . . . . 10

Hardy v. Bankers Life & Cas. Co.,
222 F.2d 827 (7th Cir. 1955) . . . . . 7

Houston Industries, Inc. v. United States,
78 F.3d 564 (Fed. Cir. 1996) . . . . . 7

Intergraph Corp. v. Intel Corp.,
253 F.3d 695 (Fed. Cir. 2001) . . . . . 3

Liberty Mut. Ins. Co. v. Wetzel,
424 U.S. 737 (1976) . . . . . 7

Local No. 93, Intern. Ass'n of Firefighters v. City of Cleveland,
478 U.S. 501 (1986) . . . . . 6
Nystrom v. TREX Co.,
339 F.3d 1347 (Fed. Cir. 2003) . . . . . 2

Pause Technology LLC v. Tivo, Inc.,
401 F.3d 1290 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Schexnaydre v. Travelers Ins. Co.,
527 F.2d 855 (5th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Steiner v. 20th Century-Fox Film Corp.,
220 F.2d 105 (9th Cir. 1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Young Eng'rs, Inc. v. United States ITC,
721 F.2d 1305 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CONSOLIDATION COAL CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 01-254<br>(Judge Futey) |
| RAPOCA ENERGY CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 01-442<br>(Judge Futey) |

DEFENDANT'S OPPOSITION TO THE PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF JIM WALTER RESOURCES, INC.

Pursuant to Rule 5.2(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC") and this Court's January 10, 2007 order, the defendant, the United States, respectfully submits its response in opposition to the plaintiffs' motion for entry of judgment in favor of Jim Walter Resources, Inc., ("JWR") filed on January 24, 2007. ("Pl. Mot.") The Government agrees that there is no factual dispute as to the monetary amount associated with the transactions for which JWR is claiming refund, but opposes the entry of judgment because the plaintiffs' request does not meet the standards of RCFC 54(b) and is inconsistent with the test-case procedure the Court approved for this case. As we explain below, premature entry of judgment in favor of only one of the test case plaintiffs, on only one portion of its claim, would be unduly prejudicial to the Government and would result in unnecessary and piecemeal litigation.

## STATEMENT OF THE ISSUE

Whether it is inconsistent with RCFC 54(b) and the test case procedure established for this litigation, to enter judgment in favor of one test case plaintiff, JWR, on only a portion of its claim, prior to resolution of the claims of the other four test case plaintiffs.

## ARGUMENT

### I. The Plaintiffs Cannot Show That Resolution Of The Claims Of All Test Case Plaintiffs, Prior To Entry Of Judgment In Favor Of JWR, Will Result In Hardship And Delay

Generally, a judgment is not final until all claims of all of the plaintiffs have been resolved. A partial entry of judgment is a narrow exception to the general rule that "in order to appeal from a judgment, that judgment must be final." Nystrom v. TREX Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003).

The terms for entering a partial judgment are controlled by RCFC 54(b):

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The party seeking a partial final judgment bears the burden of establishing that the requirements of RCFC 54(b) have been satisfied. The plaintiffs have moved for judgment for only one of the five test plaintiffs, but have not demonstrated that the RCFC 54(b) requirements have been met. Additionally, entry of judgment in favor of only one test plaintiff is inappropriate because it is contrary to the test case procedure to which the parties agreed and this Court adopted.

The Government objects to entering any judgment in favor of one test plaintiff before resolution of all the claims of all remaining test plaintiffs. Prior to entry of a partial final

judgment, Rule 54(b) requires this Court to determine that "there is no just reason for delay" and expressly direct the entry of judgment. Before this Court can make the necessary determination, the plaintiffs must show that the minor amount of time required to resolve the claims of all five test plaintiffs will result in "some danger of hardship or injustice . . . which would be alleviated by immediate appeal." Brunswick Corp. v. Sheridan, 582 F.2d 175, 182 (2d Cir. 1978). The reviewing court has cautioned that, pursuant to Rule 54(b), "piecemeal appeals are inappropriate in cases that should be given unitary review." Intergraph Corp. v. Intel Corp., 253 F.3d 695, 699 (Fed. Cir. 2001). The plaintiffs cannot show the requisite "hardship or injustice"; instead, as explained below, the Government would suffer substantial prejudice if it is required to take an immediate appeal, prior to development of the factual record pertaining to plaintiffs' damages claims. Further, plaintiffs admit that at least one further appeal, based on the same facts and legal issues, could result from their proposed case resolution method. Pl. Mot. at 5. These facts weigh strongly against granting the plaintiffs' motion.

As the parties stated prior to discovery, "it would be beneficial to complete proceedings upon the claims of a limited number of 'test' plaintiffs, then (potentially) present all issues subject to appeal to the Court of Appeals for the Federal Circuit before resolving the remaining claims." J. Stat. Rept. (6/2/05) at 3 (emphasis added). This Court subsequently adopted the parties' recommended test case procedure. The parties chose the five test plaintiffs based on the company size and other factors that would illustrate a variety of potential factual transactions. The parties have never agreed to litigate each test plaintiff's claims individually. Indeed, the United States has maintained consistently that the factual and legal issues presented by all five test plaintiffs should be resolved together. See, e.g., Abrahamsen v. United States, 44 Fed. Cl.

260, 261 (1999) (four, out of 2,631 plaintiffs, designated as test case plaintiffs to represent different types of claims so that final decision, including any appeal, could be rendered on all the issues presented).

If the Government is required to take an immediate appeal to the U.S. Court of Appeals for the Federal Circuit, that court would be presented with an incomplete and distorted picture of the plaintiffs' representative claims, which could substantially affect the viability of any Government appeal.[1] This is because the parties are in agreement, with respect to 97% of JWR's transactions, the subject of the present motion, that all the coal at issue was actually exported and the transactions occurred in the export stream of commerce. However, significant factual and legal issues remain for the other four test case plaintiffs. Thus, if the plaintiffs' motion is granted, the appellate court would be presented with only one "pristine" factual scenario. Having the appellate court resolve any liability appeal on the pure constitutional question would be tantamount to an interlocutory appeal of this Court's liability decision, an approach the parties rejected in favor of the test case procedure. Abandonment of the test case procedure at this point would unduly prejudice the Government.[2] Thus, this Court should deny the motion for entry of judgment, or defer ruling on it until all remaining factual and legal disputes have been resolved.

The plaintiffs' claim that resolution of the remaining disputes will take "many months," Pl. Mot. at 3, is unlikely to materialize, given the defendant's willingness to resolve the few narrow remaining issues on an expedited basis, as evidenced by the defendant's intent to file a

---

[1] No appeal has yet been authorized by the Office of the Solicitor General.

[2] Adherence to the established test case procedure allows the parties to appeal any damages rulings at the same time as a liability ruling. Guidance from the appellate court on any damages issue would allow for more efficient resolution of the claims of all 64 plaintiffs.

motion for summary judgment. See J. Stat. Rpt. at 10 (12/19/06). This Court can appropriately adjudicate, by motions for summary judgment, or by taking of testimony, whether the plaintiffs have met their burden of proof, including the legal determination of whether certain transactions occurred in the export stream of commerce. Because this Court must resolve only relatively narrow issues, there is no reason why summary judgment cannot be adjudicated expeditiously so that any judgments can be entered for all five test plaintiffs together.

Moreover, to the extent that the plaintiffs face any hardship, it stems primarily from the long discovery period, which the plaintiffs consented to extend six times.[3] See Mot. for Ext. of Time to Complete Disc. (12/12/05); Mot. for Ext. of Time to Complete Disc. (1/27/06); Mot. for Ext. of Time to Complete Disc. (2/27/06); Mot. for Ext. of Time to Complete Disc. (5/17/06); Disc. Scheduling Order (9/13/06). Discovery was extended to allow additional time for plaintiffs to provide information and documentation to support their claims. The extensions were necessary because the test plaintiffs failed to respond in a timely manner to the Government's repeated requests for supplemental documentation during the course of discovery. Much of the delay has been caused by the plaintiffs' unwillingness to assist in the audit process

---

[3] In addition, the plaintiffs maintain that the Court should enter immediate judgment in favor of JWR because OSM continues to require coal exporters to pay Abandoned Mine Land ("AML") fees on exported coal. The defendant notes that, in addition to the fact that it may elect to appeal this Court's liability decision, there would be substantial procedural and logistical difficulties associated with the cessation of collection of AML fees paid on exported coal. In part, the problem arises from the fact that, without further judicial guidance, it is difficult to determine which transactions are exempt from the fee and which are not. For example, one remaining issue is when the coal has entered the export stream of commerce. Resolution of this issue will have a significant impact on which transactions are exempt from the AML fee. Additionally, if OSM ceases to collect AML fees on export coal transactions and subsequently prevails on appeal of the liability decision, it would be difficult for OSM to recoup the foregone fees it was legally required to collect pursuant to the Surface Mining Control and Reclamation Act of 1977 ("SMCRA").

or otherwise cooperate with discovery. Although the plaintiffs contend they may wish to conduct additional discovery, Pl. Mot. at 2, they have not moved for further discovery after the discovery period ended on December 13, 2006.[4] In any event, because the lengthy discovery period has now closed, the Court should deny any efforts by the plaintiffs to seek additional discovery.

The plaintiffs also complain that they have had to request "no less than three status conferences" from this Court because the Government would not consent to judgment in favor of JWR. Pl. Mot. at 2. Of course, this Court cannot enter a consent judgment absent actual consent of both parties. Cf. Local No. 93, Intern. Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 522 (1986) ("it is the parties' agreement that serves as the source of the court's authority to enter [judgment].") Had the plaintiffs believed that the extended discovery period was unduly long or that the Government's discovery requests were unreasonable, they could have moved for summary judgment on its damages claims at any time pursuant to RCFC 56(a), moved for partial final judgment pursuant to RCFC 54(b), or sought appropriate relief from discovery. In the end, because the delay in completing discovery is primarily attributable to the plaintiffs, the time that has passed should not serve as a basis for entry of judgment in favor of only one test plaintiff.[5]

---

[4] The plaintiffs' contention that they may still require discovery to support their claims is in sharp contrast to their prior representations to this Court that "they have met [their] burden [of proof], by the records regularly kept by the plaintiffs." J. Stat. Rept. (8/21/06).

[5] In support of their contention that it would be an injustice to delay entry of judgment in favor of JWR, the plaintiffs state that "[it] has been over five months since OSM issued its audit report to JWR." Pl. Mot. at 4. To the extent that the plaintiffs imply that OSM issued a final audit report to JWR, the plaintiffs are incorrect. In fact, while OSM has certainly shared information with JWR in an attempt to resolve any discrepancies relating to its claim, OSM has never finalized an audit report of JWR's claims and has never issued a document to JWR purporting to be a final audit report.

II. Pursuant To RCFC 54(b), It Is Inappropriate To Enter Judgment For JWR On Only A Portion Of Its Claim

The plaintiffs' motion for entry of judgment is also improper under RCFC 54(b) because this rule does not allow for the entry of judgment on only a portion of a claim. JWR requests that this Court enter judgment in its favor for "97%" of its claim, but asks the Court to withhold judgment with respect to JWR's remaining claimed sales transactions until this Court rules on the legal issue of whether such transactions occur in the export stream of commerce. Pl. Mot. at 4. JWR essentially seeks judgment based on the "resolution of individual issues" that comprise its claim, rather than its entire claim; thus, the plaintiffs' motion does not meet the requirements of Rule 54(b). Houston Indus., Inc. v. United States, 78 F.3d 564, 567 (Fed. Cir. 1996) (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742-43 (1976)); Co-Steel Raritan, Inc. v. Int'l Trade Comm'n, 357 F.3d 1294, 1307 (Fed. Cir. 2004) (noting the requirement for separate claims under Rule 54(b) of Court of International Trade, identical in all relevant respects to RCFC 54(b)); Schexnaydre v. Travelers Ins. Co., 527 F.2d 855, 856 (5th Cir. 1976) (single claim cannot be divided under Fed. R. Civ. P. 54(b), identical in all relevant respects to RCFC 54(b)); Hardy v. Bankers Life & Cas. Co., 222 F.2d 827, 828 (7th Cir. 1955) (same); Steiner v. 20th Century-Fox Film Corp., 220 F.2d 105, 107 (9th Cir. 1955) (same); Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339, 341 (2d Cir.), cert. denied, 375 U.S. 879 (1963) ("claim for relief" for purposes of Fed. R. Civ. P. 54(b) denotes aggregate of operative facts which give rise to a right enforceable in courts).

The United States Court of Federal Claims has noted:

> Although the test for determining whether multiple claims are presented for purposes of Rule 54(b) has not been definitively established, there are factors to be taken into consideration: (1)

> The extent of factual overlap; (2) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (3) whether the application of res judicata considerations suggest that the claims are linked; and (4) whether the multiple relief is for the same injury.

Adams v. United States, 51 Fed. Cl. 57, 59 (2001) (internal citation and quotation marks omitted). All four factors, when applied to this case, demonstrate that, under RCFC 54(b), JWR's request for relief stemming from its direct foreign sales is premised upon the same cause of action that relates to its third party transactions: that AML fees, as applied to export coal sales, violate Article I, § 9, cl. 5 (the "Export Clause") of the U.S. Constitution. See Compl. ¶ 11. As such, JWR's motion should be denied.

First, JWR cannot show that there is no factual overlap between its direct foreign sales and its sales to domestic parties. All of JWR's claimed transactions involve the same alleged operative facts: between January 1, 1995 and September 30, 2005, JWR produced and sold coal that was exported and upon which JWR paid AML fees. There is a clear overlap of the facts related to each type of transaction: e.g., whether the plaintiffs produced and paid fees on the coal and whether the coal was actually exported. The distinction between the two scenarios is primarily a question of law: did JWR's third-party sales occur in the export stream of commerce? Second, all of JWR's claims stem from the plaintiffs' first cause of action in the complaint, which alleges that SMCRA's AML fee is unconstitutional as applied to exported coal. This cause of action applies to both direct exports and exports through domestic third parties. Further, as stated above, there is a clear overlap of operative facts for both types of transactions. Finally, the plaintiffs bear the same burden of proof as to both types of transactions.

Third, res judicata principles suggest that the claims are linked. Res judicata applies to a

request for relief if it arises "with respect to all or any part of the transaction, or a series of connected transactions, out of which [an earlier] action arose." Adams, 51 Fed. Cl. at 59-60 (quoting Alyeska Pipeline Serv. Co. v. United States, 688 F.3d 765, 769 (Fed. Cir. 1982)). Claim preclusion may bar JWR from later litigating its entitlement to the transactions it excluded from its motion because any issue relating to these transactions "could have been raised in that action." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citation omitted). JWR claims it paid a sum certain in AML fees for quarters in 1995 through 2005. Pl. Mot. at 6.[6] Yet, JWR seeks to exclude from its current motion certain transactions which occurred during that same time period, between 1996 through 2002. Relief from the fees paid on sales transactions JWR seeks to hold in abeyance may be considered waived if not litigated with the remainder of its claims because JWR cannot show why those claims cannot be litigated together. See Young Eng'rs, Inc. v. United States ITC, 721 F.2d 1305, 1314-15 (Fed. Cir. 1983) (explaining that claim preclusion is based on the "assumption that there was no jurisdictional barrier to presenting . . . the entire claim"); Alyeska Pipeline, 688 F.2d at 769 ("final judgment on the merits of a claim . . . precludes . . . bringing a subsequent action on the same claim . . . that was, or reasonably could have been, brought in the initial action"). Because no jurisdictional or other barrier prevents JWR from litigating all of its claim, the third factor is met.

The final factor also weighs against granting JWR's motion. JWR's claim for damages stems from the same alleged injury: collection of the AML fee allegedly in violation of the Export Clause of the U.S. Constitution. Compl. ¶ 11. In sum, the plaintiffs' request does not

[6] Reference to page 6 refers to the attachment to the plaintiffs' motion, which is the sixth page chronologically, but marked as page 1.

meet the standards for an entry of judgment with respect to fewer than all of the claims or parties.

If judgment is entered with respect to JWR, but a portion of its claim is reserved for later resolution, as well as the claims of the remaining four test plaintiffs, it is inevitable that the "appellate court would have to decide the same issues more than once [given] subsequent appeals." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). The appellate court has cautioned that such piecemeal litigation that would result from granting the plaintiffs' motion should be avoided. Pause Tech. LLC v. Tivo, Inc., 401 F.3d 1290, 1293 (Fed. Cir. 2005). Accordingly, because JWR cannot demonstrate its entitlement to a partial judgment pursuant to RCFC 54(b), or any other provision of the law, the plaintiffs' motion should be dismissed.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that the plaintiffs' motion be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

S/Todd M. Hughes
TODD M. HUGHES
Assistant Director

OF COUNSEL:

DANIEL W. KILDUFF
Office of the Solicitor
Department of the Interior

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-2228
Fax: (202) 305-7562

February 7, 2007

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on this 7th day of February, 2007 a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF JIM WALTER RESOURCES, INC." was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Tara K. Hogan