# In the United States Court of Federal Claims

**Nos. 01-254C & 01-442C**

**(Filed February 22, 2007)**

*** * * * * * * * * * * * * * * * * * * * * * * ***

**CONSOLIDATION COAL COMPANY, ET AL.,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

**RAPOCA ENERGY COMPANY, LLC,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

*** * * * * * * * * * * * * * * * * * * * * * * ***

**RCFC 54(b); No reason for delay; Hardship**

***Steven H. Becker***, New York, New York, attorney of record for plaintiff, Consolidation Coal Company, et al and ***Paul A. Horowitz*** and ***Suzanne I. Offerman***, of counsel.

***John Y. Merrell, Jr.***, McLean, Virginia, attorney of record for plaintiff, Rapoca Energy Company, LLC., f/k/a Rapoca Energy Company.

***Tara K. Hogan***, Department of Justice, Washington, D.C., with whom was ***Assistant Attorney General Peter D. Keisler***, for defendant. ***Jeanne E. Davidson,*** Assistant Director, ***Todd M. Hughes,*** Assistant Director and ***Daniel W. Kilduff,*** Of Counsel, Department of the Interior.

**OPINION & ORDER**

***Futey,* Judge.**

This case is before the court on Plaintiffs' Motion For Entry Of Judgment In Favor of Plaintiff Jim Walter Resources, Inc. Plaintiffs argue that the court should enter judgment in favor of Jim Walter Resources, Inc. (JWR) one of the test plaintiffs in this case, in the amount of $5,223,133.78[1] so that defendant may appeal this court's decision of April 4, 2005 and thereby gain a final decision on the issues decided in that opinion. Plaintiffs claim that a judgment pursuant to RCFC 54(b) for JWR is justified at this time because defendant continues to charge plaintiffs reclamation fees for their exported coal and, thus, because plaintiffs are suffering a hardship and delay, a resolution to the liability issue is imperative. Defendant avers that entering a judgment would be at variance with the test plaintiffs procedures agreed upon by the parties, plaintiffs cannot prove hardship or delay, and entering a judgment and appealing the case based solely on the facts surrounding JWR would give the Federal Circuit an inaccurate picture of this case. For the reasons stated below, this court finds in favor of plaintiffs and enters judgment for JWR.

Factual Background

On April 4, 2005, this court issued a decision in favor of plaintiffs, finding that the reclamation fees paid by plaintiffs on coal bound for export pursuant to Title IV of the Surface Mining Control and Reclamation Act of 1977 (SMCRA) and implementing regulations were unconstitutional. Subsequently, on June 2, 2005, the parties filed a Joint Status Report laying out discovery procedures for five test plaintiffs. This court adopted the parties' test plaintiffs program and the discovery deadlines detailed in that joint status report in an order dated June 16, 2005.

For the first eighteen months of the discovery process, the parties were able to conduct substantial fact finding in full cooperation. In fact, for one test plaintiff, JWR, the two parties are in agreement regarding the amount of sales directly for export.[2] In recent months, however, communication between the parties broke down

---

[1] Defendant does not dispute this amount and agrees that it pertains only to JWR's direct coal sales for export.

[2] JWR has waived its rights to a refund of reclamation fees on its sales of coal to domestic brokers. ***See Plaintiffs' Reply To Defendant's Opposition To Plaintiffs' Motion For Entry Of Judgment In Favor Of Jim Walters Resources, Inc. at 1.*** Plaintiffs' counsel confirmed that JWR no longer has any claims regarding sales to domestic brokers in a teleconference on February 20, 2007. Defendant, therefore, abandoned its argument that entry of judgment for JWR only on its direct

and discovery stalled.[3] Moreover, defendant has not complied with this court's decision and has continued to charge plaintiffs reclamation fees on all coal exports.[4] Therefore, plaintiffs requested that defendant consent to entering judgment on JWR so that defendant may appeal this court's April 4, 2005 decision to the Federal Circuit and obtain a final decision on the constitutionality of the reclamation fees on exported coal, but defendant refused. Plaintiffs then brought the pending motion.

## Discussion

RCFC 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Plaintiffs argue that continuing the discovery process as to all test plaintiffs would take many months and summary judgment briefing and an evidentiary hearing would delay the determination of the issues significantly. Plaintiffs also maintain that entering judgment on JWR would streamline the process. Plaintiffs claim that if the Federal Circuit affirms this court's holding, the only issue remaining will be a factual one regarding whether coal sold to domestic brokers for export was in the stream of export. Alternatively, plaintiffs contend that if the Federal Circuit overturns this court's liability decision, then there will be no further need for discovery on the damages issue. Plaintiffs, therefore, ask the court to find that there is "no just reason for delay" in entering judgment for JWR.

---

sales for export would be inappropriate but maintained its objection on other grounds.

[3] The parties have encountered difficulties gathering documentation on plaintiffs' sales to domestic brokers that were destined for export. Many of the brokers have gone out of business and/or the documentation for these sales was destroyed. The parties are also in disagreement regarding the amount of documentation needed to prove that plaintiffs' coal was in the export stream even if it was sold domestically.

[4] ***See News Release, Office of Surface Mining, Coal Operators Directed to Continue Paying Export Fee Until Court Decision is Final, (April 26, 2005), (attached to Plaintiffs' Brief).***

Defendant maintains that the court should stay the course and continue following the test plaintiffs procedures. Furthermore, defendant argues that plaintiffs cannot show the requisite hardship or injustice and that appealing this case before a full development of the factual record of plaintiffs' damages claims would unduly prejudice defendant. Finally, defendant avers that it would be inappropriate for the Federal Circuit to determine the liability issue based solely on the "pristine" factual record of JWR when there are a number of complicated issues still pending and in need of further factual development.

Plaintiffs' arguments are far more persuasive than defendant's. Entering judgment for JWR would not unduly prejudice the government, particularly because the test plaintiffs procedure was never set in stone. In the June 16, 2005 Joint Status Report laying out the terms of discovery, the parties stated "[a]t this time, the parties believe this procedure will be most efficient. However, depending upon how the process develops, we may revisit the Court's comments during the May 11 telephonic status conference regarding the possibility of pursuing an interlocutory appeal." At this point, the test plaintiffs procedures have proved not to be efficient and it is time to pursue another method of resolving this case. Even if entering judgment would be "tantamount to an interlocutory appeal," as defendant claims, neither this court nor the parties ever ruled out the possibility of an appeal of the liability issue on its own. Moreover, just as this court was able to determine the liability issue without a factual record on damages, we are confident that the Federal Circuit can decide on the constitutionality of the reclamation fees armed solely with the facts surrounding JWR's direct export sales. Therefore, the court does not find that entering judgment would harm defendant.

In fact, the court agrees with plaintiffs that delaying an entry of judgment until damages for all five test plaintiffs has been determined through discovery, briefing, and deliberation by the court would be an undue hardship for plaintiffs. Defendant maintains that halting the collection of reclamation fees would be a heavy burden because if this court's liability ruling is overturned it will be very difficult for the government to go back and collect the fees owed. Defendant contends, therefore, that the fact that plaintiffs continue to pay fees should not be used as a reason to enter judgment now. This is not the point, however, because it does not alter the fact that plaintiffs have to bear all the costs of postponement nor the fact that defendant is proceeding in direct contravention of this court's ruling. If anything, defendant's argument highlights the necessity of resolving the liability issue as soon as possible so that neither party ends up assuming a disproportionate share of the costs associated with this litigation. Waiting until the process is complete as to all test plaintiffs would, therefore, be an unreasonable delay and because the parties are in agreement regarding JWR's outstanding claims, entry of judgment as to JWR is warranted.

This case has already been significantly delayed because of the parties' inability to consent to entry of judgment on JWR. On September 13, 2006, this court issued an order stating "defendant shall decide, no later than December 13, 2006, on any remaining factual issues concerning Jim Walter Resources, Inc. so that a consent judgment may be entered in favor of that plaintiff. This will permit defendant to pursue an appeal of this court's decision, dated April 4, 2005, on the liability issue in this case."[5] Government, however, did not consent to judgment, delaying this case for nearly five months in the process. At best, according to defendant, this court could begin deliberating summary judgment motions in three months, if briefing was done on an expedited schedule and no discovery disputes remained. The court, however, believes it will likely take many more months before an opinion could be issued because in addition to briefing, an evidentiary hearing will be necessary. At that point, it would be over two and half years since this court's liability opinion. The court sees no reason to delay this case for a year or more based on defendant's arguments.

Finally, this court notes that there are a number of other cases in the United States Court of Federal Claims that are stayed pending the outcome of this case. In the interests of all the plaintiffs in all of these cases, we believe an expeditious determination of the liability issue is more than justified. Therefore, for all the reasons stated above, there is no reason to delay the entry of judgment as to JWR.

Conclusion

There being no reason for delay, the Clerk of the Court is hereby directed to enter judgment pursuant to RCFC 54(b) in favor plaintiff Jim Walters Resources, Inc. in the amount of $5,223,133.78.

IT IS SO ORDERED.

**s/Bohdan A. Futey**
**BOHDAN A. FUTEY**
**Judge**

[5] ***Consolidation Coal Company et al. v. United States, No. 01-254C, Order entered September 13, 2006***.