IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, ET AL.,<br>Plaintiffs,<br>v.<br>UNITED STATES,<br>Defendant. | No. 01-254C<br>Judge Futey |
| WELLMORE ENERGY CO., LLC,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | No. 01-442C<br>Judge Futey |

**PLAINTIFFS' AMENDED UNOPPOSED MOTION TO STAY BRIEFING ON DAMAGES ISSUES**

On February 19, 2008, the Court granted Plaintiffs' unopposed motion to amend the scheduling order regarding the briefing of damages issues for the four remaining test plaintiffs, Consol of Pennsylvania Coal Company, Eastern Associated Coal Corporation, Kingston Resources, Inc. and Pioneer Fuel Corporation. The amended scheduling order set forth the following deadlines:

| Pleading | Deadline |
|---|---|
| Plaintiffs' Motion for Summary Judgment | April 2, 2008 |
| Defendant's Response/Cross-Motion | May 2, 2008 |
| Plaintiffs' Reply | May 23, 2008 |

Since the entry of the amended scheduling order, certain developments have taken place that may significantly limit the issues requiring briefing by the parties and a decision by this Court, and thus warrant a stay of briefing on damages issues to allow the parties some additional time to resolve a number of these issues.

As the Court is aware, the parties agreed to informal discovery procedures designed to produce information upon which the Office of Surface Mining (OSM) could base a determination as to the transactions to which it could stipulate. The Government has advised Plaintiffs' counsel that it is willing to stipulate as paid and exported all direct coal sales made by Consol of Pennsylvania and Eastern Associated to customers in countries other than Canada. OSM does not agree, however that Consol of Pennsylvania and Eastern Associated have provided documentation that establishes the actual export of coal sold to certain Canadian customers who took delivery of coal in the United States at Lake Erie ports. Nor does OSM agree that Consol of Pennsylvania and Eastern Associated have provided documentation which establishes the actual export of coal sold to unrelated U.S. middlemen/brokers, which, in turn, contracted with foreign purchasers. Similarly, OSM does not agree, to date, that Kingston and Pioneer have provided documentation which establishes the actual export of coal sold to related and unrelated middleman/brokers, which comprise almost all of Kingston and Pioneer's sales. Finally, in an issue common to all four remaining test plaintiffs it is OSM's position that sales to U.S. middlemen/brokers did not take place when the coal was in the export stream of commerce. The briefing schedule was established so that the Court could rule on the sufficiency of export documentation produced by these four plaintiffs with respect to the

aforementioned transactions, as well as the issue of whether the companies' sales to U.S. middlemen/brokers took place when the coal was in the export stream of commerce.

The issuance of the briefing schedule notwithstanding, the parties have continued their attempt to resolve a number of the remaining damages issues. During the week of March 10, 2008, OSM auditors examined additional records at the offices of CoalArbed and Ruhrkohle Trading Corporation (RTC), two middleman/brokers formerly affiliated with Kingston and Pioneer, which were the exporters of record for almost all of the coal sold by Kingston and Pioneer during the relevant period. Kingston/Pioneer representatives and OSM auditors also discussed records pertaining to a limited number of smaller sales to unrelated middlemen. OSM is currently reviewing the records produced at these audits. Should OSM agree that the documentation examined during these audits adequately establishes that the coal sold by Kingston and Pioneer to these middlemen was, in fact, exported, it would dramatically limit the issues to be briefed regarding Kingston and Pioneer's sales. Indeed, Plaintiffs believe that it is likely that the only issue that would have to be briefed in connection with Kingston and Pioneer's middlemen sales is whether those sales took place while the coal was in the export stream of commerce.

With respect to Consol of Pennsylvania and Eastern Associated's sales to Canadian customers who took delivery of coal in the United States at Lake Erie ports, OSM has previously indicated that it will accept a certificate from the Canadian customers that they imported the coal into Canada as proof of export. Consol of Pennsylvania is approaching its Canadian customers and is optimistic that it will be able to obtain the certificates required by OSM. Eastern Associated is contemplating doing

the same, rather than relying on other documentation to establish the export of the coal. If such certificates are obtained, the only issues that would remain to be briefed for Consol of Pennsylvania and Eastern Associated are the sufficiency of export documentation provided by these companies for their relatively limited broker sales, and whether their sales to brokers took place when the coal was in the export stream of commerce.

Accordingly, in view of the recent developments described above, Plaintiffs' respectfully request that the Court stay the briefing of damages issues to afford the parties some additional time to attempt to reach agreement regarding Kingston and Pioneer's broker sales, and Consol of Pennsylvania and Eastern Associated's Canadian sales. The parties propose to submit a status report updating the Court on their progress within thirty days of the stay order.

Counsel for Plaintiffs has consulted with John Y. Merrell, Jr., Esq., Merrell & Merrell, P.C., Counsel for Wellmore Energy Co., LLC and with Tara K. Hogan, Esq., United States Department of Justice, Commercial Litigation Branch, Civil Division, Counsel for Defendant, who have reviewed this motion and do not oppose the requested stay of briefing.

Respectfully submitted,

/s/ Steven H. Becker
STEVEN H. BECKER
Counsel of Record
PAUL A. HOROWITZ
SUZANNE I. OFFERMAN
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 626-4100

Counsel for Plaintiffs

Date: March 24, 2008

CERTIFICATE OF SERVICE

I, Melanie Hable, certify that I am a paralegal with the law firm of Baker & McKenzie LLP, counsel for plaintiffs, located at 1114 Avenue of the Americas, New York, NY 10036, and further certify that I caused to be served by United States Postal Service First Class a copy of the foregoing "Plaintiffs' Amended Unopposed Motion to Stay Briefing on Damages Issue" addressed as follows:

Tara K. Hogan
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW, Room 12106
Washington, D.C. 20530

John Y. Merrell, Jr.
Merrell & Merrell, P.C.
1477 Chain Bridge Road
Suite 101
McLean, VA 22101

Dated: March 24, 2008

Melanie Hable
Melanie Hable