ORIGINAL

# United States Court of Appeals for the Federal Circuit

FILED
AUG 4 2008
U.S. COURT OF FEDERAL CLAIMS

2007-5108

CONSOLIDATION COAL COMPANY, CONSOL OF PENNSYLVANIA COAL COMPANY, CONSOL OF KENTUCKY INC., EIGHTY FOUR MINING COMPANY, HELVETIA COAL COMPANY, ISLAND CREEK COAL COMPANY, KENT COAL MINING COMPANY, KEYSTONE COAL MINING CORPORATION, LAUREL RUN MINING COMPANY, MCELROY COAL COMPANY, NINEVEH COAL COMPANY, QUARTO MINING COMPANY, EAGLE ENERGY, INC., ELK RUN COAL COMPANY, INC., GOALS COAL COMPANY, GREEN VALLEY COAL COMPANY, INDEPENDENCE COAL COMPANY, INC., KNOX CREEK COAL CORPORATION, MARFORK COAL COMPANY, INC., MARTIN COUNTY COAL CORPORATION, PEERLESS EAGLE COAL COMPANY, PERFORMANCE COAL COMPANY, RAWL SALES & PROCESSING COMPANY, SIDNEY COAL COMPANY, INC., STONE MINING COMPANY, APOGEE COAL COMPANY, ARCH WESTERN RESOURCES, LLC, CANYON FUEL COMPANY, LLC, CATENARY COAL COMPANY, COAL-MAC, CO., DAL-TEX COAL CORPORATION, HOBET MINING, INC., MINGO LOGAN COAL CO., KINGSTON RESOURCES, INC., PAYNTER BRANCH MINING, INC., PIONEER FUEL CORPORATION, PLATEAU MINING CORPORATION, RAG CUMBERLAND RESOURCES, L.P., RAG EMERALD RESOURCES, L.P., TWENTYMILE COAL COMPANY, COASTAL COAL COMPANY, LLC, COASTAL COAL-WEST VIRGINIA, LLC., EASTERN ASSOCIATED COAL CORPORATION, EVERGREEN MINING COMPANY, MID-VOL LEASING, INC., MOUNTAINEER COAL DEVELOPMENT COMPANY, OLD BEN COAL COMPANY, SHIPYARD RIVER COAL TERMINAL COMPANY, RIVERSIDE ENERGY, INC., VIRGINIA CREWS COAL COMPANY, CLINTWOOD ELKHORN MINING COMPANY, GATLIFF COAL COMPANY, PREMIER ELKHORN COAL COMPANY, PERRY COUNTY COAL CORPORATION, GLAMORGAN COAL COMPANY, LLC, TERRY EAGLE L.P., NICHOLAS-CLAY LAND & MINERAL, INC., NICHOLAS-CLAY COMPANY, LLC, AND ALEX RESOURCES, INC., GENWAL RESOURCES, INC., PACIFIC COAST COAL COMPANY, USIBELLI COAL MINE, INC., POWDER RIVER COAL COMPANY, WEST RIDGE RESOURCES, INC., UNITED STATES STEEL MINING COMPANY, LLC, COVENANT COAL CORPORATION, and RAPOCA ENERGY COMPANY, LLC (now known as Wellmore Energy Company, LLC),

Plaintiffs,

and

JIM WALTER RESOURCES, INC.,

Plaintiff-Appellee,

RECEIVED
AUG 5 2008
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

v.

UNITED STATES,

Defendant-Appellant.

# Judgment

ON APPEAL from the United States Court of Federal Claims

in CASE NO(S). 01-CV-254, 01-CV-442, and 05-CV-929

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**REVERSED and REMANDED**

ENTERED BY ORDER OF THE COURT

DATED JUN 1 1 2008

Jan Horbaly /KW

Jan Horbaly, Clerk

ISSUED AS A MANDATE: AUG - 4 2008

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Valerie [signature] Date: 8/4/08

# United States Court of Appeals for the Federal Circuit

2007-5108

CONSOLIDATION COAL COMPANY, CONSOL OF PENNSYLVANIA COAL COMPANY, CONSOL OF KENTUCKY INC., EIGHTY FOUR MINING COMPANY, HELVETIA COAL COMPANY, ISLAND CREEK COAL COMPANY, KENT COAL MINING COMPANY, KEYSTONE COAL MINING CORPORATION, LAUREL RUN MINING COMPANY, MCELROY COAL COMPANY, NINEVEH COAL COMPANY, QUARTO MINING COMPANY, EAGLE ENERGY, INC., ELK RUN COAL COMPANY, INC., GOALS COAL COMPANY, GREEN VALLEY COAL COMPANY, INDEPENDENCE COAL COMPANY, INC., KNOX CREEK COAL CORPORATION, MARFORK COAL COMPANY, INC., MARTIN COUNTY COAL CORPORATION, PEERLESS EAGLE COAL COMPANY, PERFORMANCE COAL COMPANY, RAWL SALES & PROCESSING COMPANY, SIDNEY COAL COMPANY, INC., STONE MINING COMPANY, APOGEE COAL COMPANY, ARCH WESTERN RESOURCES, LLC, CANYON FUEL COMPANY, LLC, CATENARY COAL COMPANY, COAL-MAC, CO., DAL-TEX COAL CORPORATION, HOBET MINING, INC., MINGO LOGAN COAL CO., KINGSTON RESOURCES, INC., PAYNTER BRANCH MINING, INC., PIONEER FUEL CORPORATION, PLATEAU MINING CORPORATION, RAG CUMBERLAND RESOURCES, L.P., RAG EMERALD RESOURCES, L.P., TWENTYMILE COAL COMPANY, COASTAL COAL COMPANY, LLC., COASTAL COAL-WEST VIRGINIA, LLC, EASTERN ASSOCIATED COAL CORPORATION, EVERGREEN MINING COMPANY, MID-VOL LEASING, INC., MOUNTAINEER COAL DEVELOPMENT COMPANY, OLD BEN COAL COMPANY, SHIPYARD RIVER COAL TERMINAL COMPANY, RIVERSIDE ENERGY, INC., VIRGINIA CREWS COAL COMPANY, CLINTWOOD ELKHORN MINING COMPANY, GATLIFF COAL COMPANY, PREMIER ELKHORN COAL COMPANY, PERRY COUNTY COAL CORPORATION, GLAMORGAN COAL COMPANY, LLC, TERRY EAGLE L.P., NICHOLAS-CLAY LAND & MINERAL, INC., NICHOLAS-CLAY COMPANY, LLC, AND ALEX RESOURCES, INC., GENWAL RESOURCES, INC., PACIFIC COAST COAL COMPANY, USIBELLI COAL MINE, INC., POWDER RIVER COAL COMPANY, WEST RIDGE RESOURCES, INC., UNITED STATES STEEL MINING COMPANY, LLC, COVENANT COAL CORPORATION, and RAPOCA ENERGY COMPANY, LLC (now known as Wellmore Energy Company, LLC),

Plaintiffs,

and

JIM WALTER RESOURCES, INC.,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

Paul A. Horowitz, Baker & McKenzie LLP, of New York, New York, argued for plaintiff-appellee. With him on the brief were Steven H. Becker, Charles H. Critchlow, and Suzanne I. Offerman.

Jonathan F. Cohn, Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; Todd M. Hughes, Deputy Director; and Tara K. Hogan, Trial Attorney. Of counsel on the brief was Daniel W. Kilduff, Office of the Solicitor, United States Department of the Interior, of Washington, DC.

Appealed from: United States Court of Federal Claims

Senior Judge Bohdan A. Futey

# United States Court of Appeals for the Federal Circuit

2007-5108

CONSOLIDATION COAL COMPANY, CONSOL OF PENNSYLVANIA COAL COMPANY, CONSOL OF KENTUCKY INC., EIGHTY FOUR MINING COMPANY, HELVETIA COAL COMPANY, ISLAND CREEK COAL COMPANY, KENT COAL MINING COMPANY, KEYSTONE COAL MINING CORPORATION, LAUREL RUN MINING COMPANY, MCELROY COAL COMPANY, NINEVEH COAL COMPANY, QUARTO MINING COMPANY, EAGLE ENERGY, INC., ELK RUN COAL COMPANY, INC., GOALS COAL COMPANY, GREEN VALLEY COAL COMPANY, INDEPENDENCE COAL COMPANY, INC., KNOX CREEK COAL CORPORATION, MARFORK COAL COMPANY, INC., MARTIN COUNTY COAL CORPORATION, PEERLESS EAGLE COAL COMPANY, PERFORMANCE COAL COMPANY, RAWL SALES & PROCESSING COMPANY, SIDNEY COAL COMPANY, INC., STONE MINING COMPANY, APOGEE COAL COMPANY, ARCH WESTERN RESOURCES, LLC, CANYON FUEL COMPANY, LLC, CATENARY COAL COMPANY, COAL-MAC, CO., DAL-TEX COAL CORPORATION, HOBET MINING, INC., MINGO LOGAN COAL CO., KINGSTON RESOURCES, INC., PAYNTER BRANCH MINING, INC., PIONEER FUEL CORPORATION, PLATEAU MINING CORPORATION, RAG CUMBERLAND RESOURCES, L.P., RAG EMERALD RESOURCES, L.P., TWENTYMILE COAL COMPANY, COASTAL COAL COMPANY, LLC, COASTAL COAL-WEST VIRGINIA, LLC., EASTERN ASSOCIATED COAL CORPORATION, EVERGREEN MINING COMPANY, MID-VOL LEASING, INC., MOUNTAINEER COAL DEVELOPMENT COMPANY, OLD BEN COAL COMPANY, SHIPYARD RIVER COAL TERMINAL COMPANY, RIVERSIDE ENERGY, INC., VIRGINIA CREWS COAL COMPANY, CLINTWOOD ELKHORN MINING COMPANY, GATLIFF COAL COMPANY, PREMIER ELKHORN COAL COMPANY, PERRY COUNTY COAL CORPORATION, GLAMORGAN COAL COMPANY, LLC, TERRY EAGLE L.P., NICHOLAS-CLAY LAND & MINERAL, INC., NICHOLAS-CLAY COMPANY, LLC, AND ALEX RESOURCES, INC., GENWAL RESOURCES, INC., PACIFIC COAST COAL COMPANY, USIBELLI COAL MINE, INC., POWDER RIVER COAL COMPANY, WEST RIDGE RESOURCES, INC., UNITED STATES STEEL MINING COMPANY, LLC, COVENANT COAL CORPORATION, and RAPOCA ENERGY COMPANY, LLC (now known as Wellmore Energy Company, LLC),

Plaintiffs,

and

JIM WALTER RESOURCES, INC.,

Plaintiff-Appellee,

v.

UNITED STATES

Defendant-Appellant.

Appeal from the United States Court of Federal Claims in 01-CV-254, 01-CV-442, and 01-CV-929, Senior Judge Bohdan A. Futey.

---

DECIDED: June 11, 2008

---

Before NEWMAN, PROST, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Appellant United States appeals from the United States Court of Federal Claims's grant of summary judgment that application of the Surface Mining Control and Reclamations Act of 1977 (SMCRA) reclamation fee to export sales of coal violates the Export Clause of the Constitution. We reverse and remand.

BACKGROUND

This case reaches us after a long history, including a previous appeal to this court. The factual background was explained in our prior opinion and will not be repeated here. See Consolidation Coal Co. v. United States, 351 F.3d 1374 (Fed. Cir. 2003). Following our remand in Consolidation Coal, the Court of Federal Claims granted summary judgment in favor of the plaintiff coal producers on the issue of liability. Consolidation Coal Co. v. United States, 64 Fed. Cl. 718 (2005). The court ruled that, as applied to coal that is exported, the method by which the Office of Surface Mining Reclamation and Enforcement (OSM) collects its reclamation fee violates the

Export Clause of the Constitution.[1] The coal producers moved for judgment in favor of Jim Walter Resources (JWR), who is one of five test plaintiffs. On February 22, 2007, the court entered judgment in favor of JWR. This appeal followed.

DISCUSSION

We review the Court of Federal Claims's grant of summary judgment without deference. Old Stone Corp. v. United States, 450 F.3d 1360, 1367 (Fed. Cir. 2006). "Statutory interpretation is a question of law that we review de novo." Wesleyan Co. v. Harvey, 454 F.3d 1375, 1378 (Fed. Cir. 2006). The only question before this court is one of statutory interpretation of 30 U.S.C. § 1232(a). Pursuant to the statute, the reclamation fee is imposed upon "coal produced" in the United States:

> All operators of coal mining operations . . . shall pay . . . a reclamation fee of 35 cents per ton of coal produced by surface mining and 15 cents per ton of coal produced by underground mining or 10 per centum of the value of the coal at the mine, as determined by the Secretary . . . .

30 U.S.C. § 1232(a) (emphases added). Neither the statute nor OSM's regulations specifically define the term "coal produced." OSM's regulations provide:

> (a) The operator shall pay a reclamation fee on each ton of coal produced for sale, transfer, or use, including the products of in situ mining.
>
> (b) The fee shall be determined by the weight and value at the time of initial bona fide sale, transfer of ownership, or use by the operator.

30 C.F.R. § 870.12 (emphasis added). If "coal produced" in § 1232(a) refers solely to coal extracted then the disputed portion of the statute does not render the statute unconstitutional under the Export Clause. If, however, "coal produced" is interpreted to include the entire process of extracting and selling coal—if it is a tax on extraction and

[1] The Export Clause provides that "No Tax or Duty shall be laid on Articles exported from any State." U.S. Const. art. I, § 9, cl. 5.

sale—then, as it applies to sales that occur in the export process, it is an unconstitutional violation of the Export Clause.

Where a possible construction of a statute would render the statute unconstitutional, courts must construe the statute "to avoid such problems unless such construction is plainly contrary to the intent of Congress." Edward J. DeBartolo Corp. v. Fla. Gulf Bldg & Constr. Trades Council, 485 U.S. 568, 575 (1988). This canon of constitutional avoidance is subject only to the qualification that the interpretation that "save[s] a statute from unconstitutionality" must be reasonable—that is, the saving construction must not be "plainly contrary to the intent of Congress." Id. at 575. "The elementary rule is that every reasonable construction must be resorted to, in order to save the statute from unconstitutionality." Id. (quoting Hooper v. California, 155 U.S. 648, 657 (1895)).

Both sides agree the reclamation fee would be constitutional if imposed solely on coal extracted. We agree with the government that "coal produced" in § 1232(a) can reasonably be interpreted to mean "coal extracted," and that this interpretation avoids a potential violation of the Export Clause. JWR argues that in Drummond Coal Co. v. United States, 796 F.2d 503 (D.C. Cir. 1986) this same statutory language "coal produced" was interpreted as including both the extraction and sale of coal. In Drummond, however, the D.C. Circuit was not interpreting the statute in light of the potential conflict with the Export Clause. The issue of the constitutionality of the reclamation fee as applied to exports simply was not raised. Id. at 503-08. Moreover, the Drummond court did not conclude that the language of the statute mandated the construction, but rather it held that the statute was ambiguous: "Like the district court,

we do not find the ordinary meaning of that term unambiguous: 'Production could reasonably be interpreted to include the entire process of extracting and selling coal, complete from pit to buyer's door, or it could refer solely to the process of extraction.'" Id. at 505. Drummond involved the validity of a government regulation that directed that in calculating the tax on the gross weight of coal after it had been mined but before sale, the gross weight included impurities such as water that had not been removed. The court did not itself independently determine the meaning of the statutory term "coal produced," but instead gave Chevron deference to the regulatory definition of that term, which included water as part of the "coal produced." 796 F.2d at 507. In the present case, in contrast, the sole question is whether, in determining if the statute violates the constitutional prohibition of export taxes, "coal produced" properly is defined as "coal extracted." The government asserted that the plain meaning of the statute is that "coal produced" is to be interpreted as "coal extracted." Even if we were to assume that the statute is ambiguous as to the meaning of "coal produced," the government's construction must still prevail as it is the only reasonable construction which preserves the constitutionality of the statute.

JWR also argues that the position taken by the government in this case, that "coal produced" is limited to "coal extracted," is inconsistent with the position the government took in Drummond. Although the government disputes the argument that it has taken inconsistent positions, either way, the government's interpretation of "coal produced" in this case must prevail. Neither the government, nor this court, are bound by any contrary assertions by the government regarding the statutory interpretation of "coal produced" where the canon of constitutional avoidance mandates that we adopt

the reasonable construction that as applied to the SMCRA reclamation fee "coal produced" is limited to "coal extracted."

For the foregoing reasons, we reverse the grant of summary judgment and remand for proceedings consistent with this opinion.

REVERSED and REMANDED

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: [signature] Date: 8/4/08

BILL OF COSTS (File original and three copies with the Clerk within 14 days of judgment)

Docket No(s): 07-5108 Caption: CONSOLIDATION COAL v. UNITED STATES

The Clerk is requested to tax the following costs against: Consolidation Coal, Appellant

| ITEM | Number of Copies | Number of Pages | Actual Cost | Allowable Cost | Total Billed | Total Taxed |
|---|---|---|---|---|---|---|
| Docketing Fee (if paid in this court) | xxxxx | xxxxx | | | | |
| Table of Designated Materials (original) | xxxxx | 7 | 6.00 | 6.00 | 42.00 | 42.00 |
| Table or Compilation of Designated Materials (copying and collating) | 16 | 7 | 0.08 | 0.08 | 8.96 | 8.96 |
| Brief (original) | xxxxx | 37 | 6.00 | 6.00 | 222.00 | 222.00 |
| Brief (cover and binding) | 16 | xxxxx | 2.00 | 2.00 | 32.00 | 32.00 |
| Brief (copying and collating) | 16 | 37 | 0.08 | 0.08 | 47.36 | 47.36 |
| Appendix (original - table of contents) | xxxxx | 2 | 6.00 | 6.00 | 12.00 | 12.00 |
| Appendix (covers and binding) | 16 | xxxxx | N/A | 2.00 | 32.00 | 32.00 |
| Appendix (copying and collating) | 16 | 64 | 0.08 | 0.08 | 81.92 | 81.92 |
| Reply Brief (original) | xxxxx | 31 | 6.00 | 6.00 | 186.00 | 186.00 |
| Reply Brief (covers and binding) | 16 | xxxxx | | 2.00 | 32.00 | 32.00 |
| Reply Brief (copying and collating) | 16 | 31 | 0.08 | 0.08 | 39.68 | 39.68 |
| Other (describe): **ADDENDUM** (Original Brief) | 16 | 24 | 0.08 | 0.08 | 30.72 | 30.72 |
| GRAND TOTALS | | | | | 766.64 | 766.64 |

FILED U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT JUN 24 2008 JAN HORBALY CLERK

CERTIFIED COPY I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE. UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT By: [signature] Date: 8/4/08

City/County of Washington, District of Columbia

I, Tara K. Hogan, swear under penalty of perjury that the services for which costs are taxed were necessarily performed. Copies of this bill were served on all parties. The certificate of service is attached.

Signature: [signature] Date: 6/24/08 Attorney for: United States, Appellee

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on June 24, 2008, by means of

- ☐ electronic mail
- ☐ facsimile
- ☐ hand delivery
- ☐ overnight mail
- ☑ United States mail

copies of " BILL OF COSTS" were served upon the following person(s):

Steven H. Becker, Esq.,
Baker & McKenzie, LLP
1114 Avenue of the Americas
New York, NY 10036

Marcella [signature]
______________________________